## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL ANGESKI | : | CIVIL ACTION NO.: |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE NIELSEN | : | |
| COMPANY (US), LLC | : | June 23, 2023 |
|     Defendant. | : | |

### NOTICE OF REMOVAL

**TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

Defendant The Nielsen Company (US), LLC ("Nielsen" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, premised on federal question and diversity jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

### I.   TIMELINESS OF REMOVAL

1.      On or about May 25, 2023, Plaintiff Cheryl Angeski ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Cheryl Angeski v. The Nielsen Company (US), LLC*, and returnable to Connecticut Superior Court, J.D. of Tolland at Rockville (the "State Court Action"). Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a).   These are the only process, pleadings, and orders served on Defendant in this action.

2.      The first notice received by Defendant of the State Court Action occurred on or about May 25, 2023, when Plaintiff served the Complaint and Summons on Defendant.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.    VENUE

4.      The Superior Court of Connecticut, Judicial District of Tolland at Rockville is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: FEDERAL QUESTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In applying that statutory provision, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.      In the Complaint, Plaintiff expressly alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2612, et seq. ("FMLA"). Specifically, Plaintiff alleges that her rights under the FMLA were interfered with, and that she was retaliated against for requesting and attempting to exercise her rights under the FMLA. *See* Compl., Counts Three and Four. Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. § 1331, and removal of this action is authorized by 28 U.S.C. § 1441.

8.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint contains four counts against Defendant, alleging: interference in violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp (First Count); retaliation in violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp

(Second Count); interference in violation of the FMLA (Third Count); retaliation pursuant to the FMLA (Fourth Count). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1996).

9.      Since the face of Plaintiff's Complaint expressly cites to the FMLA and because her state law claims arise out of the same set of facts as her federal claims, this Court has supplemental jurisdiction over Plaintiff's claims and removal is appropriate under 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). This, removal is proper under 28 U.S.C. § 1441(c).

## IV.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

10.      This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### A.    AMOUNT IN CONTROVERSY

11.      As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

12.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

13.     In relation to her claims, Plaintiff seeks monetary damages, which including: back pay and front pay and reinstatement, as well as other relief.  (Pl.'s Compl. at 7.)

14.     According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about February 6, 2023. (Compl. at ¶ 23.)  Plaintiff alleges as part of her damages to be deprivation of past, present and future income, implying she remains unemployed. (Compl. at ¶ 27.) Plaintiff also seeks as part of her prayer for relief front pay, also implying current unemployment. (Compl. at 7.) Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for nearly four months (or at least 17 weeks) and will remain unemployed until she has obtained employment at an undeterminable date. Although expressly Defendant denies that it acted unlawfully or that Plaintiff is entitled to any damages and relief she seeks in her Complaint, based on the likely date of a trial in this matter Plaintiff's claim for back pay damages, alone, will likely exceed $75,000.00.

15.     Where attorneys' fees are potentially recoverable, which is alleged to be the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, her claimed attorneys' fees could exceed $75,000.00.

16.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.     DIVERSITY OF CITIZENSHIP

17.     According to her Summons, Plaintiff is a resident and citizen of the State of Connecticut. (*See* Summons).

18.     Defendant is a State of Delaware corporation, headquartered in New York with its principal place of business in the State of New York. The majority of its U.S. operations are directed, controlled and managed out of its offices in New York. Defendant is, therefore, a citizen of New York and Delaware. *See Lincoln Property Co. v. Roch*, 546 U.S. 81, 89 (2005) ("Congress has provided simply and only that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

19.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## V.     CONCLUSION

20.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

21.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

22.     By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of Connecticut, Judicial District of Tolland at Rockville to the United States District Court for the District of Connecticut.

               **DEFENDANT,**
               **THE NIELSEN COMPANY (US), LLC**

               By */s/ William C. Ruggiero*
               William C. Ruggiero (ct29248)
               Andrés Jiménez-Franck (ct31198)
               Ogletree Deakins Nash, Smoak & Stewart P.C.
               281 Tresser Boulevard, Suite 602
               Stamford, CT 06901
               Phone: 203-969-3112
               Fax: 203-969-3150
               will.ruggiero@ogletree.com
               andres.jimenez-franck@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 23rd day of June, 2023.


*/s/ William C. Ruggiero*
William C. Ruggiero

56732136.v2-OGLETREE

# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **69 Brooklyn Street, Rockville 06066** | **(860 ) 896 – 4920** | **June 20, 2023** |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | **Rockville** | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Cicchiello & Cicchiello LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **(860 )296 – 3457** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* mparadisi@cicchielloesq.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Cheryl Angeski** Address: **c/o 364 Franklin Avenue, Hartford, CT 06114** | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: **The Nielsen Company (US), LLC - 675 Avenue of the Americas, New York, NY 10010** Address: **Agent Details - Cogency Global, Inc., 29 W High Street, East Hampton, CT 06424** | D-01 |
| **Additional defendant** | Name: Address: | D-02 |
| **Additional defendant** | Name: Address: | D-03 |
| **Additional defendant** | Name: Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 05/18/2023 | | ☐ Clerk | **Matthew D. Paradisi, Esq.** |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form          Page 1 of 2          Reset Form

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |



RETURN DATE: JUNE 20, 2023    :        SUPERIOR COURT
                                          :

CHERYL ANGESKI               :        J.D. OF TOLLAND
                                          :

VS.                        :        OF ROCKVILLE
                                          :

THE NIELSEN COMPANY   :
(US), LLC                   :        MAY 18, 2023

## COMPLAINT

**FIRST COUNT:**        **Interference in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1.     At all times set forth herein, the Plaintiff, Cheryl Angeski ("Plaintiff"), was a resident of Vernon, Connecticut.

2.     At all times set forth herein, the Defendant, The Nielsen Company (US), LLC ("Defendant" or "Defendant Company"), was a foreign corporation organized under the laws of the State of Delaware with a business address of 675 Avenue of the Americas, New York, New York.

3.     In or around January of 2017, Plaintiff commenced her employment with Defendant in the position of Field Representative. Plaintiff later assumed the role of Membership Representative.

4.     Throughout her tenure, Plaintiff worked remotely. Her job responsibilities included, *inter alia*, visiting homes in Connecticut and convincing the owners to participate with Nielsen's TV rating system.

5.     Plaintiff reported to Carolann Baldwin ("Baldwin"), Defendant's Market Manager based out of Avon, Connecticut.

6.     In or around January of 2022, Plaintiff's best friend died of cancer.

7.     In or around December of 2022, Plaintiff began treatment for depression with her primary doctor, Dr. Khan, and a therapist, Dr. Eileen Boland.

8.     Around this time, work was becoming triggering for Plaintiff. She routinely received emails from Baldwin stating how horrible the Plaintiff was and belittling her, exacerbating Plaintiff's depression.

9.     On or about December 5, 2022, Plaintiff contacted Baldwin and stated that she needed a leave of absence due to her ongoing struggles with her mental health.

10.    Baldwin advised Plaintiff to contact Defendant Senior People Experience Partner, Tameka Henderson ("Henderson"). Plaintiff then emailed Henderson and requested a leave of absence.

11.    Defendant Manager Robin Oidt ("Oidt") responded to Plaintiff's email and stated that Plaintiff needed to call and file a claim with Defendant's leave administrator and agent.

12.    Plaintiff proceeded to contact Defendant's leave administrator and agent and opened a claim. Plaintiff informed Defendant's leave administrator and agent that she needed go on leave due to her depression.

13.    Defendant's leave administrator and agent told Plaintiff that they would be sending the appropriate paperwork to her doctors, who were aware Plaintiff was seeking leave from work.

14.    Plaintiff leave was scheduled to begin on December 5, 2022, and end on February 5, 2023.

15.    On or about January 6, 2023, Plaintiff received a text from Baldwin. In said text, Baldwin stated that she assumed Plaintiff had received a letter from Henderson outlining the separation process and that they needed to pick up Defendant property.

2

16.     Plaintiff responded that she was on leave, to which Baldwin replied that Plaintiff needed to speak with Henderson.

17.     On or about January 10, 2023, Plaintiff had a meeting with Henderson and Baldwin.

18.     Plaintiff reiterated that she was on FMLA leave and that her return-to-work date was February 6, 2023.

19.     On or about February 2, 2023, Baldwin reached out once again to Plaintiff asking if she received a letter from Henderson regarding Defendant assets.

20.     Plaintiff responded that she had not and that she was still on leave but was returning to work that following Monday.

21.     Baldwin then stated that Defendant's leave administrator and agent had not received any paperwork regarding Plaintiff's leave and as such, termination of Plaintiff's employment was inevitable.

22.     The following day, on or about February 3, 2023, Plaintiff's medical provider forwarded Defendant FMLA leave administrator's paperwork, certifying her need for leave.

23.     Defendant then terminated Plaintiff's employment on or about February 6, 2020, despite the fact that her FMLA leave had been approved through February 5, 2023.

24.     Defendant's leave administrator, following the termination of Plaintiff's employment, subsequently changed the end date of Plaintiff's FMLA leave from February 5, 2023, to January 27, 2023.

25.     At all times set forth herein, Plaintiff was an "eligible employee" for medical leave under the Connecticut FMLA within the meaning of Conn. Gen. Stat. § 31-51kk.

26.     At all times set forth herein, Defendant was an "employer" within the meaning of Conn. Gen. Stat. § 31-51kk.

3

27.     Plaintiff's medical condition, as set out herein above, constituted a "serious health condition" within the meaning of Conn. Gen. Stat. § 31-51kk.

28.     Pursuant to Conn. Gen. Stat. § 31-51ll, as an eligible employee, Plaintiff was "entitled to a total of twelve workweeks of leave for her serious health condition."

29.     Defendant, through the foregoing conduct, interfered with, restrained, and/or denied Plaintiff's right to leave under the Connecticut FMLA, in violation of Conn. Gen. Stat. § 31-51pp(a)(1).

30.     As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

**SECOND COUNT:**          **Retaliation in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 24 of the First Count as Paragraphs 1 through 24 of this Second Count, as if fully set forth herein.   .

25.     The Plaintiff, through the foregoing conduct, engaged in protected activity pursuant to Conn. Gen. Stat. §§ 31-51kk through 31-51qq, inclusive.

26.     Defendant terminated Plaintiff's employment motivated by her having engaged in the foregoing protected activity, in violation of C.G.S. § 31-51pp, which provides, in pertinent part, "It shall be a violation...for any employer to discharge or cause to be discharged, or in any other manner discriminate, against any individual... because such employee has exercised the rights afforded to such employee [pursuant to C.G.S. § 31-51kk et seq.]."

27.     As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

**THIRD COUNT:**          **Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

4

1.      Plaintiff repeats and re-alleges paragraphs 1 through 24 inclusive above, and incorporates them as paragraphs 1 through 24 of this Third Count as if fully stated herein.

25.     The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff applied for and utilized leave under the FMLA.

26.     The Defendant interfered with Plaintiff's right to be restored to his position after utilizing FMLA leave by terminating his employment under a false pretext.

27.     As a result of the Defendant's interference with the Plaintiff's right to be restored to his position following the use of FMLA leave, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to his loss and detriment.

28.     As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which he is entitled.

**FOURTH COUNT:** **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

1.      The Plaintiff repeats and re-alleges Paragraphs 1 through 24 above as Paragraphs 1 through 24 of this Fourth Count as if fully set forth herein.

25.     The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

26.     The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising his rights under the FMLA in that he was ultimately terminated because of his use of FMLA leave.

27.   As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to his loss and detriment.

28.   As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which he is entitled.

> THE PLAINTIFF
> CHERYL ANGESKI
>
> By: _____
> Matthew D. Paradisi, Esq.
> CICCHIELLO & CICCHIELLO, LLP
> 364 Franklin Avenue
> Hartford, CT 06114
> Tel: 860-296-3457
> Fax: 860-296-0676
> Juris: 419987
> Email: mparadisi@cicchielloesq.com



6

RETURN DATE: JUNE 20, 2023      :        SUPERIOR COURT
:
CHERYL ANGESKI            :        J.D. OF TOLLAND
:
VS.                         :        OF ROCKVILLE
:
THE NIELSEN COMPANY     :
(US), LLC                :        MAY 18, 2023

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1.     Money damages;

2.     Reinstatement or front pay;

3.     Allowable costs;

4.     Such other relief as is allowable by law.

THE PLAINTIFF
CHERYL ANGESKI

By: _____
Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris: 419987
Email: mparadisi@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: JUNE 20, 2023 | : | SUPERIOR COURT |
| | : | |
| CHERYL ANGESKI | : | J.D. OF TOLLAND |
| | : | |
| VS. | : | OF ROCKVILLE |
| | : | |
| THE NIELSEN COMPANY | : | |
| (US), LLC | : | MAY 18, 2023 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff herein certifies that the amount in demand is in excess of $15,000.00 exclusive of interests and costs.

THE PLAINTIFF
CHERYL ANGESKI

By: _____
Matthew D. Paradisi, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris: 419987
Email: mparadisi@cicchielloesq.com

8

# Exhibit B

DOCKET NO.: TTD-CV23-6027176-S      :      SUPERIOR COURT

                               :

CHERYL ANGESKI                    :      J.D. OF TOLLAND

v.                                    :

                               :      AT ROCKVILLE

THE NIELSEN

COMPANY (US), LLC              :      June 23, 2023

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL TO PARTIES</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Nielsen Company (US), LLC filed a Notice of Removal in the United States District Court for the District of Connecticut, in connection with the above-referenced action. A copy of Defendant's Notice of Removal is attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

**DEFENDANT,**
**THE NIELSEN COMPANY (US), LLC**

By <u>/s/ *William C. Ruggiero*</u>
William C. Ruggiero
Andrés Jiménez-Franck
Ogletree Deakins
Nash, Smoak & Stewart P.C. (433628)
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
will.ruggiero@ogletree.com
andres.jimenez-franck@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the above was sent via email this 23rd day of June, 2023

to:

Matthew Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel. No.: (860) 296-3457
Fax. No.: (860) 296-0676
mparadisi@cicchielloesq.com

*/s/ William C. Ruggiero* _____
William C. Ruggiero

56768216.v1-OGLETREE

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHERYL ANGESKI | : | CIVIL ACTION NO.: |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE NIELSEN | : | |
| COMPANY (US), LLC | : | June 23, 2023 |
|     Defendant. | : | |

**NOTICE OF REMOVAL**

**TO:   THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

Defendant The Nielsen Company (US), LLC ("Nielsen" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, premised on federal question and diversity jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

**I.      TIMELINESS OF REMOVAL**

1.      On or about May 25, 2023, Plaintiff Cheryl Angeski ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Cheryl Angeski v. The Nielsen Company (US), LLC*, and returnable to Connecticut Superior Court, J.D. of Tolland at Rockville (the "State Court Action"). Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.      The first notice received by Defendant of the State Court Action occurred on or about May 25, 2023, when Plaintiff served the Complaint and Summons on Defendant.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.   VENUE

4.      The Superior Court of Connecticut, Judicial District of Tolland at Rockville is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: FEDERAL QUESTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In applying that statutory provision, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.      In the Complaint, Plaintiff expressly alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2612, et seq. ("FMLA"). Specifically, Plaintiff alleges that her rights under the FMLA were interfered with, and that she was retaliated against for requesting and attempting to exercise her rights under the FMLA. *See* Compl., Counts Three and Four. Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. § 1331, and removal of this action is authorized by 28 U.S.C. § 1441.

8.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint contains four counts against Defendant, alleging: interference in violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp (First Count); retaliation in violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp

(Second Count); interference in violation of the FMLA (Third Count); retaliation pursuant to the

FMLA (Fourth Count). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all

other claims that are so related to Plaintiff's federal causes of action "that they form part of the same

case or controversy under Article III of the United States Constitution." State law claims fall within

this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of

operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial

proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1996).

9.    Since the face of Plaintiff's Complaint expressly cites to the FMLA and because her

state law claims arise out of the same set of facts as her federal claims, this Court has supplemental

jurisdiction over Plaintiff's claims and removal is appropriate under 28 U.S.C. § 1367. Moreover, there

is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law

claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate

over the claims which this Court has original jurisdiction, and there are no exceptional circumstances

or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. §

1367(c). This, removal is proper under 28 U.S.C. § 1441(c).

## IV.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

10.    This action is properly removable under 28 U.S.C. §1441(b) because the United States

District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he

district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States . . . ."

### A.    AMOUNT IN CONTROVERSY

11.    As set forth above, diversity jurisdiction exists "where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

3

12.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

13.     In relation to her claims, Plaintiff seeks monetary damages, which including: back pay and front pay and reinstatement, as well as other relief.  (Pl.'s Compl. at 7.)

14.     According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about February 6, 2023. (Compl. at ¶ 23.)  Plaintiff alleges as part of her damages to be deprivation of past, present and future income, implying she remains unemployed. (Compl. at ¶ 27.) Plaintiff also seeks as part of her prayer for relief front pay, also implying current unemployment. (Compl. at 7.) Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for nearly four months (or at least 17 weeks) and will remain unemployed until she has obtained employment at an undeterminable date. Although expressly Defendant denies that it acted unlawfully or that Plaintiff is entitled to any damages and relief she seeks in her Complaint, based on the likely date of a trial in this matter Plaintiff's claim for back pay damages, alone, will likely exceed $75,000.00.

15.     Where attorneys' fees are potentially recoverable, which is alleged to be the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, her claimed attorneys' fees could exceed $75,000.00.

16.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.     DIVERSITY OF CITIZENSHIP

17.     According to her Summons, Plaintiff is a resident and citizen of the State of Connecticut. (*See* Summons).

18.     Defendant is a State of Delaware corporation, headquartered in New York with its principal place of business in the State of New York. The majority of its U.S. operations are directed, controlled and managed out of its offices in New York. Defendant is, therefore, a citizen of New York and Delaware. *See Lincoln Property Co. v. Roch*, 546 U.S. 81, 89 (2005) ("Congress has provided simply and only that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

19.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## V.     CONCLUSION

20.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

21.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

22.     By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of Connecticut, Judicial District of Tolland at Rockville to the United States District Court for the District of Connecticut.

                    **DEFENDANT,**
                    **THE NIELSEN COMPANY (US), LLC**

                    By /s/ *William C. Ruggiero*
                    William C. Ruggiero (ct29248)
                    Andrés Jiménez-Franck (ct31198)
                    Ogletree Deakins Nash, Smoak & Stewart P.C.
                    281 Tresser Boulevard, Suite 602
                    Stamford, CT 06901
                    Phone: 203-969-3112
                    Fax: 203-969-3150
                    will.ruggiero@ogletree.com
                    andres.jimenez-franck@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 23rd day of June, 2023.


*/s/ William C. Ruggiero*
William C. Ruggiero

56732136.v2-OGLETREE