UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL ANGESKI | : | CIVIL ACTION NO.: |
|    Plaintiff | : | 3:23-cv-00821 |
| | : | |
| v. | : | |
| | : | |
| THE NIELSEN COMPANY (US), LLC | : | |
| | : | July 28, 2023 |
|    Defendant. | : | |

**DEFENDANT'S ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant THE NIELSEN COMPANY (US), LLC ("Defendant"), by and through their undersigned counsel, hereby respond to Plaintiff CHERYL ANGESKI's ("Plaintiff") Complaint dated May 18, 2023.

**FIRST COUNT:** Interference in Violation of the Connecticut Family and Medical Leave Act - Conn. Gen. Stat. § 31-51pp

    1.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies.

    2.    Admitted.

    3.    Denied, except to admit that Plaintiff was initially employed by Defendant as a Field Representative from approximately January 9, 2017 through March 16, 2020, and was rehired effective approximately September 20, 2021 as a Membership Representative.

    4.    Admitted.

    5.    Admitted.

    6.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and, therefore, denies.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies.

8. Denied, except to admit Plaintiff was counseled for performance and other work deficiencies.

9. Denied, except to admit on or about December 5, 2022 Plaintiff sent an email requesting time off from work, which speaks for itself.

10. Denied, except to admit Plaintiff was advised to follow protocol to request time off from work, and to state that any emails concerning Plaintiff's request for time off speaks for themselves.

11. Denied, except to admit Plaintiff was advised to follow protocol to request time off from work, and to state that any emails concerning Plaintiff's request for time off speaks for themselves.

12. Denied, except to admit that Plaintiff made contact with Defendant's third-party leave administrator, Aflac, and to state that her communications with Aflac speak for themselves.

13. Denied, except to admit Plaintiff was provided with notices and paperwork related to requesting a leave of absence under the federal Family and Medical Leave Act ("FMLA") and Connecticut Family and Medical Leave Act ("CTFMLA").

14. Denied, except to admit Plaintiff was absent from work commencing on or around December 5, 2022.

15. Denied.

16. Denied, except to state any text messages (to the extent they exist) speak for themselves.

17. Denied.

18. Denied.

19. Denied, except to state any messages between Plaintiff and Ms. Baldwin (to the extent they exist) speak for themselves.

20. Denied, except to state any messages between Plaintiff and Ms. Baldwin (to the extent they exist) speak for themselves.

21. Denied, except to state any messages between Plaintiff and Ms. Baldwin (to the extent they exist) speak for themselves.

22. The allegations in Paragraph 22 of the First Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant states any "paperwork" allegedly submitted by Plaintiff's "medical provider" (to the extent it exists) speaks for itself.

23. Denied, except to admit that Plaintiff's employment was terminated.

24. Denied, except to admit that Plaintiff's employment was terminated.

25. The allegations in Paragraph 25 of the First Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

26. The allegations in Paragraph 26 of the First Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

27. The allegations in Paragraph 27 of the First Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

28. The allegations in Paragraph 28 of the First Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

29. Denied.

30. Denied.

**SECOND COUNT**: Retaliation in Violation of the Connecticut Family and Medical Leave Act - Conn. Gen. Stat. § 31-51pp

1. Defendant adopts and incorporates its responses to Paragraphs 1-24 of the First Count as its response to Paragraphs 1-24 of the Second Count.

25. Denied.

26. Denied, except to admit Plaintiff was terminated.

27. Denied.

**THIRD COUNT**: Interference in Violation of the Family and Medical Leave Act 29 U.S.C. § 2612 et seq.

1. Defendant adopts and incorporates its responses to Paragraphs 1-24 of the First Count as its response to Paragraphs 1-24 of the Third Count.

25. The allegations in Paragraph 25 of the Third Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied

26. Denied.

27. Denied.

28. Denied.

**FOURTH COUNT**: Retaliation Pursuant to the Family and Medical Leave Act 29 U.S.C. § 2612 et seq.

1. Defendant adopts and incorporates its responses to Paragraphs 1-24 of the First Count as its response to Paragraphs 1-24 of the Fourth Count.

25. The allegations in Paragraph 25 of the Fourth Count of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

26. Denied.

27. Denied.

28. Denied.

Defendant denies that Plaintiff is entitled to any relief she seeks in his Complaint, including that she is eligible for any of the relief and/or damages she seeks in his prayer for relief.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

3. Defendant is not covered under the FMLA because it does not employ a sufficient number of employees.

4. Plaintiff is not an "eligible employee" within the meaning of the FMLA or CTFMLA.

5. Plaintiff was not entitled to leave under the FMLA or CTFMLA

6. Defendant did not violate the FMLA or CTFMLA because Plaintiff failed to comply with her obligations under both laws.

7. Plaintiff has no standing to initiate this action and no right to any relief under the FMLA or CTFMLA because she did not suffer from a serious health condition within the meaning of the FMLA or CTFMLA, and was not otherwise entitled to leave under those laws.

8. Plaintiff has no standing to initiate this action and no right to any relief under the FMLA or CTFMLA to the extent she failed to make a timely and/or adequate request for leave.

9. To the extent Defendant did not have adequate notice of Plaintiff's serious health condition and/or request for FMLA or CTFMLA leave as required by the FMLA or CTFMLA, Plaintiff has no standing to initiate this action and no right to relief.

10. Plaintiff failed to update Defendant as to her status and intent to return to work upon conclusion of FMLA and/or CTFMLA leave.

11. Plaintiff's FMLA claim is barred in whole or in part by the relevant statutes of limitations.

12. Plaintiff exhausted her FMLA and/or CTFMLA leave entitlements, did not immediately return to work after such exhaustion.

13. Plaintiff was not entitled to job restoration rights because her employment would have been terminated regardless of FMLA or CTFMLA status.

14. Plaintiff was a key employee within the meaning of the FMLA.

15. All alleged adverse employment actions were based on legitimate, non-discriminatory, and non-retaliatory reasons entirely unrelated to Plaintiff's exercise of FMLA or CTFMLA rights. Defendant would have terminated Plaintiff's employment regardless of Plaintiff's absence from work on a FMLA or CTFMLA leave.

16. Defendant's employment decisions regarding Plaintiff were based on legitimate, non-discriminatory reasons and were consistent with business necessity.

17. Defendant had an honest belief that it was terminating Plaintiff's employment for misusing the FMLA and/or CTFMLA, and Defendant is not liable even if its belief was mistaken.

18. To the extent any unlawful conduct is found to have been committed by any agent of Defendant, Defendant should not be held liable because the conduct was outside the scope of the agent's employment, and the agent did not act with express or implied authority, and Defendant did not ratify or approve any unlawful conduct.

19. Plaintiff's claims are barred, in whole or in part, by the doctrines of after-acquired evidence, waiver, estoppel, and/or unclean hands.

20. Plaintiff has failed to mitigate her alleged damages.

21. To the extent Plaintiff seeks to recover lost wages, that claim must fail to the extent that Plaintiff was incapacitated and/or unable to work during any period, and any claims for lost wages must be reduced by the amount of any unemployment, disability, and/or any other benefits or income Plaintiff received from any source during the time period for which such lost wages are sought.

22. Plaintiff's employment with Defendant was "at will" and, as such, her employment could be terminated for a good reason, a bad reason, or no reason.

23. Plaintiff cannot prove she engaged in any conduct protected by the FMLA and/or CTFMLA.

24. There is no causal connection between protected conduct displayed by Plaintiff and her termination, and there is no evidence of animus by Defendant against Plaintiff for the exercise of any right protected by the CTFMLA or FMLA.

25. Any damages incurred by Plaintiff were not caused or proximately caused by Defendant.

26. Plaintiff is not entitled to liquidated damages because, among other reasons, at all times relevant to this action, any act or omission by Defendant giving rise to Plaintiff's claim for relief was made in good faith, and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FMLA or CTFMLA.

27. Defendant avers that any award of liquidated damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

28. An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses as may arise during the course of this litigation and as discovery continues.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in Defendant's favor on the claims in the Complaint, award Defendant's costs and reasonable attorney's fees, and grant Defendant such other relief that the Court may deem just and proper.

**DEFENDANT,**
**THE NIELSEN COMPANY (US), LLC**

By /s/ *William C. Ruggiero*
William C. Ruggiero (ct29248)
Andrés Jiménez-Franck (ct31198)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
will.ruggiero@ogletree.com
andres.jimenez-franck@ogletree.com

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 28th day of July, 2023.

                */s/ William C. Ruggiero*
                William C. Ruggiero