UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL ANGESKI | : | CIVIL ACTION NO.: |
|    Plaintiff | : | 3:23-cv-00821 |
| | : | |
| v. | : | |
| | : | |
| THE NIELSEN | : | |
| COMPANY (US), LLC | : | August 2, 2023 |
|    Defendant. | : | |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the Court, and jointly propose the following management plan:

| | |
|---|---|
| Date Complaint Filed with Superior Court: | June 5, 2023 |
| Date Complaint Removed to District Court: | June 23, 2023 |
| Date of Defendant's Appearance: | June 23, 2023 |
| Date of Plaintiff's Appearance: | June 23, 2023 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred by exchanging electronic drafts of this report. The participants were:

Matthew D. Paradisi, for Plaintiff, Cheryl Angeski; and

William C. Ruggiero, Esq., for Defendant, The Nielsen Company (US), LLC.

**Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

I.   <u>**Jurisdiction**</u>

    A.   **Subject Matter Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

    B.   **Personal Jurisdiction**

Personal jurisdiction is not contested in this matter.

II.   <u>**Brief Description of Case**</u>

    A.   **Claims of Plaintiff:**

Plaintiff's Complaint advances four counts in her Complaint. In the First Count, Plaintiff alleges Defendant denied and/or interfered with her rights under the Connecticut Family and Medical Leave Act ("CTFMLA") by terminating her employment effective on or around February 6, 2023 upon the expiration of a CTMFLA-qualifying leave of absence. The Second Count alleges that Defendant retaliated against Plaintiff for exercising rights under the CTFMLA when it terminated her employment. The Third and Fourth Counts allege similar claims, but under the federal Family and Medical Leave Act ("FMLA").

On or about May 18, 2023, Plaintiff filed a Charge with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") which was assigned Case No.: CHRO 2340406, and was considered dual filed with the Equal Employment Opportunity Commission ("EEOC") as EEOC Case No.: 16A202301558 alleging she was discriminated against and terminated based on a mental disability in violation of Conn. Gen. Stat. Section 46a-60(b)(1) ("CFEPA") and the Americans with Disabilities Act ("ADA"). Plaintiff intends to seek a release of jurisdiction from the CHRO, and amend her Complaint to advance those ADA and CFEPA claims by November 15, 2023.

    B.   **Defenses and Claims of Defendant:**

Defendant denies any liability for the claims advanced by Plaintiff,. Defendant adopts and incorporates the answers and defenses to be set forth in its Answer and Affirmative Defenses to Plaintiff's Complaint, as well as its answer and defenses to Plaintiff's administrative complaints, and denies that it violated any law or that Plaintiff is entitled to any of the relief she seeks in this action.

### III.     Undisputed Facts

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties agree to stipulate to the facts admitted in Defendant's Answer. The parties expect that the discovery process will enable them to reach an agreement with respect to additional facts prior to trial.

### IV.     Case Management Plan

A.     **Standing Order of Scheduling in Civil Cases**. The parties request a modification of the deadlines in the Standing Order on Scheduling Civil Cases as follows below.

B.     **Scheduling Conference with the Court**. The parties do not request a pretrial conference with the Court before entering a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.     **Early Settlement Conference**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not possible at this time.

2.     The parties do not request an early settlement conference.

3.     The parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.     **Joinder of Parties and Amendment of Pleadings.**

1.      The parties should be allowed until September 8, 2023 to file motions to join additional parties. The Plaintiff should be allowed until November 30, 2023 to file a motion to amend her Complaint to add claims advance in her administrative charge pending before the CHRO.

2.      Defendant should be allowed until January 5, 2024, to file its response to any Amended Pleading.

**E.      Discovery.**

1.      The parties anticipate that discovery will be needed on the following subjects: (1) the reason(s) for the separation of Plaintiff's employment from Defendant; (2) Plaintiff's job performance and disciplinary history; (3) Plaintiff's damages; (4) any statements made by the parties or their agents pertaining to the matters set forth in Plaintiff's allegations and/or Defendant's defenses; (5) Plaintiff's compensation and benefits; (6) Plaintiff's mitigation of damages; and (7) any documents the parties contend support their claims and/or defenses.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced upon the Court's approval of this Report, and will be completed by March 1, 2024

3.      Discovery will not be conducted in phases. The parties will exchange their Initial Discovery Protocols on or before September 8, 2023.

4.      Discovery will be completed by March 1, 2024.

5.      The parties anticipate that Plaintiff will require a total of one to three depositions of fact witnesses and that Defendant will require a total of one to three depositions of fact witnesses. The depositions will commence upon the Court's approval of this Report and will be completed by March 1, 2024.

6. The parties do not anticipate that they will need to request permission to serve more than 25 interrogatories. If the need arises for additional interrogatories, the parties will seek permission in accordance with the Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut.

7. Plaintiff has not yet determined whether she intends to call expert witnesses at trial. Should Plaintiff intend to call expert witnesses at trial, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 8, 2023. Depositions of any such experts will be completed by February 1, 2024.

8. Defendant does not yet know if it intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts by February 1, 2024. Depositions of any such experts will be completed before March 1, 2024.

9. A damages analysis will be provided by any party who has a claim or counter-claim for damages by October 15, 2023.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the appropriate steps to preserve electronically stored information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

   a. Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

      b.      Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery.

      c.      The parties agree that if the information can be produced without undue burden or expense, the producing party will bear the costs of assembling and producing the discoverable information in its possession. However, if a party responding to discovery believes that compliance with a discovery request will result in undue burden or expense, the producing party may seek a protective order denying such discovery or shifting the costs of compliance to the requesting party. In any event, the party claiming undue burden or expense will move for the protective order before incurring any expense it intends to shift to the other party.

      d.      If a discovery request does not specify a form for producing ESI, the parties will produce in PDF format, or when documents or information is too voluminous for printing, on disk(s), or otherwise in accordance with Fed. R. Civ. P. 34(b)(2)(E)(ii), unless the parties have agreed otherwise. Neither party waives its right to request discovery in any other format or to object to such a request. The parties reserve the right to object to the production of metadata in response to unduly burdensome or unreasonable requests for metadata.

      11.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      a.      The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production.

  b. Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 26.

  c. The inadvertent production of any document or thing shall be without prejudice to any claim that such document or thing is protected by the attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any rights by inadvertent production In the event any information that is privileged or subject to work-product protection is inadvertently or otherwise disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is discovered or asserted and further agrees to not duplicate that information and/or disclose it. The receiving party shall immediately take steps to ensure that all originals and known copies of such privileged materials are returned to the producing party.  The receiving party may afterward contest the claim of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

  **F.** **Dispositive Motions**.  Dispositive motions shall be filed on or before April 15, 2024.

  **G.** **Joint Trial Memorandum**.  The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed by June 28, 2024, in the event no dispositive motion is filed, or, in the event a dispositive motion is filed, within 60 days of the adjudication of such motion, unless a shorter or longer time period is ordered by the Court.

**V.** **Trial Readiness**

 The case will be ready for trial within 45 days of the filing of the Joint Trial Memorandum in the event no dispositive motion is filed, or, in the event a dispositive motion is filed, within 60 days of filing the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| **PLAINTIFF,** <br> **Cheryl Angeski** | **DEFENDANT,** <br> **The Nielsen Company (US), LLC** |
| By: */s/ Matthew D. Paradisi* <br> Matthew D. Paradisi <br> Cicchiello & Cicchiello, LLP <br> 364 Franklin Avenue <br> Hartford, CT 06114 <br> Phone: 860-296-3457 <br> Fax: 860-296-0676 <br> mparadisi@cicchielloesq.com | By: */s/ William C. Ruggiero* <br> William C. Ruggiero (CT29248) <br> william.ruggiero@ogletreedeakins.com <br> Andrés Jiménez-Franck (CT31198) <br> Andres.jimenez-franck@ogleetreedeakins.com <br> OGLETREE, DEAKINS, NASH, SMOAK <br>  & STEWART, P.C. <br> 281 Tresser Boulevard, Suite 602 <br> Stamford, CT  06901 <br> Phone: 203.969.3100 <br> Fax: 203-969-3150 <br> Its Attorneys |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: */s/ William C. Ruggiero*
William C. Ruggiero (CT29248)

57142212.v2-OGLETREE